IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30706
Summary Calendar
_____

JU H. BAUNG,,

Plaintiff-Appellant,

versus

ENTERGY CORPORATION; ENTERGY OPERATIONS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-1786-N
_____

March 6, 2000

Before GARWOOD, BENAVIDES and DENNIS, Circuit Judges.

PER CURIAM[*]:

Ju H. Baung (Baung) appeals the district court's entry of summary judgment in favor of defendants, Entergy Corporation (Entergy) and its subsidiary, Entergy Operations, Inc. (EOI), in his suit under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 26102, *et seq*. Baung contends the district court erred because he allegedly established a prima facie case under FMLA and because EOI's "good faith" reasons for terminating him are not a

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defense to liability under FMLA.

We assume *arguendo* that Baung made a prima facie case under FMLA. In addition, having reviewed the district court's opinion, the briefs, and the record, we find that EOI offered a legitimate non-discriminatory reason for Baung's discharge and that Baung failed to produce any summary judgment evidence which would sustain a finding that EOI's articulated reason for his discharge was not its real and sole reason, much less that the real reason for his termination was discrimination or his exercise of rights under the FMLA. *Chaffin v. Carter Co., Inc.*, 179 F.3d 316, 319-20 (5th Cir. 1999). We also reject Baung's argument that whether or not EOI in fact terminated him only because it concluded that he had failed to timely end his outside employment as directed by EOI is relevant only with respect to the amount of damages he should be awarded under FMLA. *Id.*

AFFIRMED.